UNITED STATES

v.

**Samuel M. JOHNSON, Seaman Apprentice, U.S. Coast Guard.**

**CGCMS 23938.
Docket No. 933.**

U.S. Coast Guard Court of Military Review.

9 Feb. 1990.

Trial Counsel: LCDR S.T. Fuger, Jr., USCG.

Assistant Trial Counsel: LT G.G. Tanos, USCGR.

Detailed Defense Counsel: LT Kevin Collins, USCGR.

Civilian Defense Counsel: London Steverson, Esquire.

Appellate Government Counsel: CDR Richard T. Buckingham, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG.

Before BAUM, BRIDGMAN, JOSEPHSON and SHKOR, Appellate Military Judges.

BAUM, Chief Judge:

The accused in this case, upon his pleas of not guilty, was tried by a Special Court-Martial consisting of officer and enlisted members. After considering all the evidence presented, the court acquitted the accused of two specifications of missing movement through design in violation of Article 87, Uniform Code of Military Justice, 10 U.S.C. § 887 and convicted him of one specification of conspiracy to commit the offense of malingering; one specification of malingering by having another Coast Guardsman strike him with a crowbar in order to avoid return to sea duty; one specification of failure to obey a lawful order to report for urinalysis testing; and one specification of wrongfully soliciting another Coast Guardsman to maim him in violation respectively of Articles 81, 115, 92 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 915, 892, 934. Thereafter, the court sentenced the accused to a Bad-Conduct Discharge, which has been approved by the convening authority.

On August 17, 1989, the case was referred to this Court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866 and appellate defense counsel was assigned to represent the accused. On 8 September 1989, an enlargement of time until 29 November 1989 to file assignments of error was granted counsel. Subsequently, on 29 November 1989, the Court was notified that the accused desired to withdraw his case from appellate review through a motion for another enlargement of time until 15 December 1989 in order to submit a formal written withdrawal of the case. Thereafter, an additional enlargement was requested and granted until 15 January 1990. Finally, counsel on January 5, 1990 filed the accused's written request for withdrawal and moved that the accused be allowed to withdraw his case from appellate review pursuant to Rules 14 and 23, Courts of Military Review Rules of Practice and Procedure.

Rule 23 is a court rule of long standing pertaining to motion procedure. Rule 14, relating to waiver or withdrawal of appellate review, on the other hand, was one of the new rules promulgated for the first time on 12 July 1985 in conformity with statutory and regulatory changes in the Military Justice Act of 1983 and Manual for Courts-Martial, 1984. Article 61, 10 U.S.C. § 861, the statutory provision covering waiver or withdrawal of appeal, limits such waivers and withdrawals to cases which qualify for review by a Court of Military Review under Articles 66 and 69(a), 10 U.S.C. § 869(a). While setting a time limit for waivers, the article permits an accused to withdraw an appeal at any time and states that withdrawal of an appeal bars review under Articles 66 and 69(a). Rule for Courts-Martial 1110 in Manual for Courts-Martial, 1984 further implements Article 61 and, among other things, provides that if a case is pending before a

Court of Military Review, action on a withdrawal shall be carried out in accordance with the rules of such court.

■ At first glance, these statutory, manual and court rule provisions might appear to indicate that a request for withdrawal of review, once submitted, would bar further review by a Court of Military Review. Upon reflection, however, we are convinced that such is not the case. We believe that after a court-martial record is referred to a Court of Military Review pursuant to Article 66 or 69(a) UCMJ, that Court must determine for itself what further action is appropriate with respect to that record. In our view, a court has inherent authority to decide whether a case should be withdrawn from review once it has been properly referred and that the court cannot be forced to relinquish the case if completion of appellate review is deemed to be the appropriate course to take. Support for this viewpoint can be found in opinions by the Court of Military Appeals which express the prinicple that actions by others cannot divest a court of jurisdiction over a case, once the terms of such jurisdiction have been properly met. *Boudreaux v. U.S. Navy–Marine Corps Court of Military Review,* 28 M.J. 181 (C.M.A.1989); *U.S. v. Montesinos,* 28 M.J. 38 (C.M.A.1989); *U.S. v. Bullington,* 13 M.J. 184 (C.M.A.1982).

Rule 14 of our Court rules also supports our discretionary authority by indicating that withdrawals will be referred to the Court for consideration, to be acted upon in several ways "at its discretion." Two of the actions expressly outlined are: (1) requiring the filing of a motion for withdrawal, and (2) issuance of a show cause order. By their very nature, these measures contemplate that a Court may ultimately deny the requested action. Finally, *U.S. v. Montesinos, supra,* the only Court of Military Appeals case to deal specifically with the subject of withdrawals under Article 61, UCMJ lends additional support. While not directly on point, since it held that Article 61 was not applicable to the accused because he had been tried before its effective date, the opinion reiterates the authority of a Court of Military Review to take appropriate action to protect the integrity of the judicial process. In dictum, the Court also surmises that if the Court of Military Review had discretion to allow withdrawal of an appeal, it in no way abused such discretion by denying the withdrawal in that case. *Id.* at 47.

■ Based on the foregoing, we have concluded that, while an accused may file a motion for withdrawal of his case at any time, a Court of Military Review is not required to grant said withdrawal. Moreover, only at such time as the motion for withdrawal is granted and ordered by the Court will further review of the case be barred pursuant to Article 61(c).

■ We have determined to exercise our authority by carefully evaluating the accused's request for withdrawal and the reason given for its submission. That request reads as follows:

I, Samuel M. Johnson currently have a case pending before the Coast Guard court of Military Review. It is Docket number 933. I have carefully considered all my options concerning review of my case. I understand completely all my rights and all matters pertaining to my case and the effects of waiving my rights to and or withdrawal of my case from appellate review. After several months of consideration I desire that my case be withdrawn from appellate review and no action be taken by the court as to my case. The reason for my decision is that I understand if I choose to exercise my right to appeal my case, I stand a chance of being returned to active duty and or being retried. I have since reestablished myself in civilian life. This withdrawal is completely voluntarily and requested with full knowledge of my appellate rights and options.

We have concluded that completion of our appellate review will not interfere with the accused's desired objective, as stated in his withdrawal request. At the same time, we believe that the integrity of the military judicial review process is better served by denial of the motion to withdraw and completion of appellate review at this level. In

this regard, we note that if withdrawal were granted, RCM 1110(g)(3) requires the Judge Advocate General to then forward the record to an appropriate authority for further review by a judge advocate under the terms of RCM 1112.

This record has been before this Court for over five months awaiting decision by the accused as to what he desired presented in his behalf. Now that it is clear why the accused wishes to withdraw the case and does not desire errors to be assigned, we see no useful purpose to be served by relinquishing the record. Moreover, we believe it would be a distinct waste of time and resources to require someone else to further review the case pursuant to RCM 1112 when we can readily accomplish that task. We will complete the action initially assigned to us upon referral of the case for review. Accordingly, the motion to withdraw the record from this Court is hereby denied.

In light of the accused's motion to withdraw, we have treated this case as if it were submitted without specific assignment of error and have reviewed the entire record pursuant to our responsibilities under Article 66, UCMJ. Upon such review, we find no error which materially prejudiced the substantial rights of the accused and we do not consider the sentence to be excessive. The findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed. A supplementary Special Court–Martial order should be issued by appropriate authority to correct any erroneous inference from the order of July 31, 1989 that the accused was tried and convicted of two specifications under Charge V in violation of Article 134. One specification was dismissed on motion of the defense prior to pleas. Thereafter, the accused was convicted of the one remaining specification instead of two as listed in the U.S. Coast Guard Cutter GALLATIN's Special Court–Martial order 1–89.

Judges BRIDGMAN and SHKOR concur.

Judge JOSEPHSON did not participate in this case.