UNITED STATES

v.

**Samuel M. JOHNSON, Seaman Apprentice U.S. Coast Guard.**

**CGCMS 23938.**
**Docket No. 933.**

U.S. Coast Guard Court of Military Review.

29 Oct. 1990.

Military Judge: CAPT T.W. Snook, USCG

Trial Counsel: CDR S.T. Fuger, Jr., USCG

Assistant Trial Counsel: LT G.G. Tanos, USCGR

Detailed Defense Counsel: LT K.J. Collins, USCGR

Civilian Defense Counsel: London Steverson, Esquire

Appellate Government Counsel: CDR Richard T. Buckingham, USCG

Appellate Defense Counsel: LT G Arthur Robbins, USCG

Before Panel One, BAUM, BRIDGMAN and SHKOR, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried in March 1989 by a Special Court-martial consisting of officer and enlisted members. He pled not guilty to all charges and specifications, but was convicted of all but two offenses. Upon the conclusion of this six day trial, appellant was sentenced to a Bad Conduct Discharge, which was subsequently approved by the Convening Authority. Thereafter, the record was referred to this court and our decision affirming the findings and sentence was issued on 9 February 1990, after denying appellant's motion for withdrawal of his case from appellate review. *U.S. v. Johnson*, 29 M.J. 1065 (CGCMR 1990).

Subsequently, appellant petitioned the U.S. Court of Military Appeals for addition-

al review asserting for the first time on appeal:

    (1) that he was the victim of selective prosecution based on impermissible racial criteria;

    (2) that the order he allegedly disobeyed was not in fact given to him; and

    (3) that there was not proper jurisdiction to refer one of the charges and its specification to trial.

A divided Court of Military Appeals granted appellant's petition, set aside our decision, and returned the record for further review of the issues raised. The rationale provided was that, "[b]ecause ... [the Court of Military Appeals lacks] fact-finding power, Article 67(d), UCMJ, 10 USC § 867(d), it is appropriate for the court below to consider these questions initially and to take appropriate action." Judge Cox dissented, stating: "Appellant is playing games with the system Congress provided for appeals. He has had his day in Court. I would deny his petition."

When the record was initially before this court, appellant attempted to withdraw his case from appellate review and foreclose Court of Military Review action, giving as his reason that he believed there was a chance of being returned to active duty and/or being retried if he pursued his appeal. The thrust of his requested withdrawal was that he did not desire those possible review results since he had reestablished himself in civilian life. We denied the requested withdrawal and reviewed the record in accordance with our responsibilities under Art. 66, UCMJ, 10 U.S.C.A. § 866. Discovering no prejudicial errors and determining the findings and sentence correct in law and fact, we affirmed the findings and sentence. After appellant was provided with a copy of our decision, he petitioned the Court of Military Appeals for further review at that level. These facts draw us to Judge Cox's conclusion that appellant is playing games with the system. Certainly, appellant has had his day in court. Nevertheless, we will review the record again as directed.

At trial, appellant raised two of the very same issues which he has asserted before the Court of Military Appeals. They were fully litigated at trial and resolved against appellant in that forum. We also gave those issues our full consideration as part of our earlier review of the record of trial and resolved them against appellant pursuant to our authority and responsibility under Article 66, UCMJ. The remaining issue, relating to whether appellant was given the order he was found to have disobeyed, was not expressly asserted as part of the defense case at trial. There was a burden on the Government, however, to establish beyond a reasonable doubt that such an order was given. The trial court was satisfied in this regard when it found appellant guilty. We, too, were satisfied beyond a reasonable doubt when the record was reviewed for factual sufficiency.

We intended to convey our conclusions on these matters by the following language from our earlier decision:

> In light of the accused's motion to withdraw, we have treated this case as if it were submitted without specific assignment of error and have reviewed the entire record pursuant to our responsibilities under Article 66, UCMJ. Upon such review, we find no error which materially prejudiced the substantial rights of the accused and we do not consider the sentence to be excessive. The findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

*U.S. v. Johnson,* supra at 1068.

In order that there will be no further doubt on our resolution of these issues, we have reviewed the record of trial in its entirety with particular attention to the specific issues raised by appellant. We find those issues totally lacking in merit, both factually and legally. Accordingly, they are, again, rejected.

Having reviewed the record pursuant to the requirements of Article 66, UCMJ, and

finding no error materially prejudicial to appellant's substantial rights and, again, determining that the findings and sentence are correct in law and fact, those findings and sentence, as approved below, are re-affirmed.