UNITED STATES

v.

**Thomas J. ROSS, Aviation Machinist Third Class, U.S. Coast Guard.**

CGCMS 23998, Docket No. 970.

U.S. Coast Guard Court of Military Review.

6 March 1991.

Trial Counsel: LT Genelle G. Tanos, USCGR.

Assistant Trial Counsel: LT J.M. Losego, USCGR.

Detailed Defense Counsel: LT Jeffrey D. Stieb, USCG.

Appellate Defense Counsel: LT G Arthur Robbins, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Before Panel Two BAUM, GRACE and BASTEK, Appellate Military Judges.

BAUM, Chief Judge,

This case was referred to the Court for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866 on 4 February 1991. On 1 March 1991, appellate defense counsel submitted a motion to withdraw the case from appellate review pursuant to Rule 14, Courts of Military Review Rules of Practice and Procedure. The reasons for withdrawal, as set forth in the motion, are as follows:

Appellant will soon reach the expiration of his enlistment and will be foreclosed employment opportunities if he must remain in an appellate leave status without a discharge certificate. Appellant has fully discussed his decision with appellate counsel and specifically waives any right to review of his trial. Timely receipt of his discharge certificate upon

expiration of his enlistment constitutes Appellant's sole concern.

A faxed copy of a letter from the appellant to his appellate defense counsel captioned "Waiver of Appellate Rights" is attached to the motion to withdraw and is included in its entirety as appendix A to this opinion. Among other things, appellant's letter states his basis for requesting withdrawal of the appeal as follows:

3. The basis for this request is that I do not desire to remain in the service awaiting review of my case. I am in the process of being discharged. This discharge is a result of my request for an other than honorable (OTH) discharge in lieu of court-martial.

4. I waive my appellate rights pending an other than honorable discharge in lieu of court-martial. Counsel is attempting to have my discharge expedited for a release date on or about 1 April 1991.

■■■■ Appellant also states in that letter that, "I understand that once my request to withdraw this appeal is filed, it cannot be revoked and any further appellate review is barred." Appellant is mistaken in this regard. We have previously held that it is not the filing of a request for withdrawal that will result in a bar to review. Only upon this Court's granting of a motion to withdraw, with an accompanying order to that effect, will further review be barred. *U.S. v. Johnson*, 29 M.J. 1065, 1067 (C.G.C.M.R.1990). Furthermore, we have said that a Court of Military Review is not required to grant a motion to withdraw. Instead, once a record of trial has been properly referred to a Court for review it is, then, within the sound discretion of that Court to decide whether the record should be withdrawn pursuant to Article 61, UCMJ, 10 U.S.C. § 861. Moreover, "the Court cannot be forced to relinquish the case if completion of appellate review is deemed to be the appropriate course to take." Id. at 1067 (C.G.C.M.R.1990).

Additionally, it appears from appellant's letter to his counsel that he may not be fully informed in other respects. For example, if his request for withdrawal is granted, Rule For Court Martial (RCM) 1110(g)(3), MCM 1984, requires the Judge Advocate General to then forward the record to an appropriate authority for further review by a judge advocate under the terms of RCM 1112, a step which could result in further delay. Appellant also appears to believe that he cannot be discharged from the Coast Guard until this case is finally reviewed. That, too, is in error.

■■■■ It is only a court imposed punitive discharge that requires completion of appellate review before execution. Administrative discharges, such as the one appellant says he is seeking, do not require completion of court-martial review before they are effectuated. Appellant may be administratively discharged at any time deemed appropriate by Coast Guard authorities notwithstanding the pendency of final action on a court-martial conviction and sentence. For that reason, we do not understand the basis for appellant's requested withdrawal. It is particularly perplexing in light of an express term of his pretrial agreement providing that he "will not be kept on active duty for the sole purpose of satisfying a term of suspension [of his bad conduct discharge]," which was suspended earlier by the convening authority in accordance with that agreement.

In light of the confusion generated by appellant's letter, we will simply treat the underlying basis for the withdrawal motion as a quest for expedited review and final action on this case. Accordingly, we will take the course of action that, in our view, will achieve this result, namely, completed review and final action by this Court. That is the same action we took in *U.S. v. Johnson, supra*, and our comments in *Johnson* on this matter have equal applicability here:

[C]ompletion of our appellate review will not interfere with the accused's desired objective, as stated in his withdrawal request. At the same time, we believe that the integrity of the military judicial review process is better served by denial of the motion to withdraw and completion of appellate review at this level.... We see no useful purpose to be served by

relinquishing the record. Moreover, we believe it would be a distinct waste of time and resources to require someone else to further review the case pursuant to RCM 1112 when we can readily accomplish that task. We will complete the action initially assigned to us upon referral of the case for review.

Id. at 29 M.J. 1067, 1068.

For the foregoing reasons, the motion to withdraw the record from this Court is denied. Furthermore, we have disposed of this case as one submitted without specific assignment of error, reviewing the entire record pursuant to our responsibilities under Article 66, UCMJ. Upon such review, we find no error which materially prejudiced the substantial rights of the accused and we do not consider the sentence to be excessive. The findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

If appellant has second thoughts about his directions to appellate counsel and wishes to assign errors for our consideration, a course open to him is to move for reconsideration pursuant to Rule 19, Courts of Military Review Rules of Practice and Procedure.

Judges GRACE and BASTEK concur.

APPENDIX A

LETTER FROM SR ROSS

**U.S. Department
of Transportation
United States
Coast Guard**

Commander
U. S. Coast Guard
Maintenance & Logistics
Command, Atlantic

Building 25
Governors Island
New York, NY 10004-5098
Staff Symbol: (lv)
(212) 668-6260
FTS 664-6260

5813
27 FEB 91

From: SR Thomas J. Ross, 260 04 4340, USCG
To:   LT G. Arthur Robbins, USCG, Appellate Defense Counsel

Subj: WAIVER OF APPELLATE RIGHTS

1. Reference is made to the record of trial by special court-martial, 10 July 1990, in the case of U. S. v. Ross, in which I was sentenced to a reduction to paygrade E1, forfeitures in the amount of $482.00 per pay period for 3 months, confinement of one month, and a bad conduct discharge. The pretrial agreement set certain limitations on this sentence. Under that agreement, the convening authority suspended the bad conduct discharge.

2. I was advised of my appellate rights at the above referenced court-martial and by defense counsel soon thereafter. You have advised me that you have been assigned as appellate defense counsel. As appellate defense counsel, you will proceed with my appeal unless I request that you withdraw the appeal. I request that you withdraw my appeal and do not proceed with appellate review or my case. This request is made freely and voluntarily. No one has promised that I would receive any benefits from this withdrawal, and no one has forced me to make it. I understand that once my request to withdraw this appeal is filed, it cannot be revoked and any further appellate review is barred.

3. The basis for this request is that I do not desire to remain in the service awaiting appellate review of my case. I am in the process of being discharged. This discharge is a result of my request for an other than honorable (OTH) discharge in lieu of court-martial.

4. I waive my appellate rights pending an other than honorable discharge in lieu of court-martial. Counsel is attempting to have my discharge expedited for a release date on or about 1 April 1991.

Thomas J. Ross
Thomas J. Ross