# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Danilo Donilo F. RIMANDO

## Seaman Apprentice, U.S. Coast Guard

## CGCMS 24153

## Docket No. 1104

## 3 AUGUST 1999

Special Court-Martial convened by Commanding Officer, USCGC DEPENDABLE (WMEC 626). Tried at Coast Guard Maintenance and Logistics Command Atlantic, Norfolk, Virginia, on 22-23 January 1998.

| | |
|---|---|
| Military Judge: | LCDR Rosanne Trabocchi, USCG |
| Trial Counsel: | LT Andrew Norris, USCGR |
| Detailed Defense Counsel: | LT Damian D. Flatt, JAGC, USNR |
| Appellate Defense Counsel: | LT William G. Rospars, USCG |
| Appellate Government Counsel: | LT Benes Z. Aldana, USCGR |

## BEFORE
## PANEL FOUR

## BAUM, KANTOR* , WESTON

Appellate Military Judges

WESTON, Judge:

On August 12, 1998, this case was referred to this Court for review pursuant to Article 66, UCMJ, and appellate Appellate defense Defense Ccounsel was assigned to represent the accused. On October 13,

1998, we granted counsel an enlargement of time until February 5, 1999 to file assignments of error. We then granted a second enlargement of time until April 23, after which, the first assigned Appellate Defense Counsel withdrew from the case on March 17, 1999, and the current counsel made an appearance. Subsequently, we granted new counsel an enlargement of time until July 19, 1999. On that date, counsel submitted a motion on behalf of Appellant pursuant Rules 14 and 23 of the Courts of Criminal Appeals Rules of Practice and Procedure to withdraw "his right to appellate review in this case." from appellate review. Appellant's Mot. to Withdraw at 1. For the reasons set forth below, we deny the motion to withdraw the case from review by this Court.

We have held previously that "while an accused may file a motion for withdrawal of his case at any time, a Court of [Criminal Appeals] is not required to grant said withdrawal. Moreover, only at such time as the motion for withdrawal is granted and ordered by the Court will further review of the case be barred pursuant to Article 61(c)." *United States v. Johnson*, 29 M.J. 1065, 1067 (C.G.C.M.R. 1990); *see also United States v. Ross*, 32 M.J. 715, 716 (C.G.C.M.R. 1991). Moreover, "actions by others cannot divest a court of jurisdiction over a case, once the terms of such jurisdiction have been properly met." *See Johnson,* 29 M.J. at 1067. While the plain language of Article 61(b) offers little insight into the extent of our discretion to deny a motion to withdraw, both the legislative history of the Military Justice Act of 1983 and subsequent case law persuade us that we should consider both the rights of the accused and judicial economy in ruling on such motions.

Congress enacted Article 61(b), in part, to ensure the efficient use of judge advocate resources by allowing the accused to waive appellate review after convening authority action, but before consideration by a Court of Criminal Appeals. *See* H. Rep. No. 98-549, at 15-16 (1983), *reprinted in* 1984 U.S.C.C.A.N. 2177, 2181. While Congress noted that a "waiver statement is filed with the convening authority as a matter of administrative convenience, not for his review[,]" it expressed no such jurisdictional limitation regarding this Court's action on a request to withdraw the case from appellate review under Article 66, UCMJ. S. Rep. No. 98-53, at 23 (1983). Moreover, Senior Judge Everettthe Court of Appeals for the Armed Forces further distinguished waiver from withdrawal reasoning that "withdrawal of an appeal occurs under judicial supervision, which provides some safeguards against improvident action by the an accused." *United States v. Hernandez*, 33 M.J. 145, 149 (C.M.A. 1991); *see also* Military Courts of Criminal Appeals Rules of Practice & Procedure Crim. App. R. Prac. & P. 14 ("At its discretion, the Court may require the filing of a motion for withdrawal, issue a show cause order, or grant the withdrawal without further action, as may be appropriate."). It wasIn *Hernandez*, Senior Judge Everett expressed the 's view that "Congress wished to assure that a court-martial produce an accurate result and not merely one that an accused is willing to accept." *Hernandez*, 33 M.J. at 149.

Accordingly, in furtherance of that objective, we will balance carefully the accused's request for withdrawal and the reason given for its submission against its impact on judicial accuracy and economy. In this case, counsel states that "Appellant has determined that proceeding with appellate review of his case would be contrary to his personal interests, and therefore has decided to voluntarily withdraw his right to appellate review." " Appellant's Mot. to Withdraw at 1-2. Whatever these undisclosed "personal interests" might be, relinquishing this record now will neither enhance the accuracy of the process nor

expedite the result. Indeed, given that this record has been before the Court for nearly one year awaiting assignment of errors, "we believe it would be a distinct waste of time and resources to require someone else to further review the case pursuant to RCM 1112 when we can readily accomplish that task." *Johnson*, 29 M.J. at 1068; *see also* Art. 64, UCMJ (requiring mandatory review by a judge advocate of each case in which there has been a finding of guilty that is not reviewed under Articles 66 or 69(a)).

We further note that, the language of Article 61(b), UCMJ, authorizes an accused to withdraw an appeal, but strictly speaking, our Court's review of a court-martial record is not the result of an "appeal" by an accused. Rather, our Court's review is set forth by statute and is automatic for all cases in which the sentence meets the congressionally designated parameters. Unlike the pattern under other systems, the Uniform Code of Military Justice requires some level of review for *all* court-martial records in which a conviction resulted. Consequently, Appellant's request to withdraw this case from review under Article 66 would in no way obviate the independent requirement for further review by a Judge judge aAdvocate (law specialist) under Article 64. To the contrary, granting withdrawal now would merely shift the burden of review to someone else, further delaying final resolution of this case. Although it is possible to read Article 61 as leaving this Court no discretion to deny a request for withdrawal, we consider it significant that Congress did not leave the issue of whether a court-martial conviction would be reviewed to the accused. Accordingly, it seems to us illogical to interpret Article 61 to require that, whatever the circumstances, an accused might divest this Court of the ability to complete its review once begun. Instead, we find that implicit in the framework of the Code is the power of our Court to deny a request for withdrawal of a case that has been properly referred for review. It is against this backdrop that we have weighed Appellant's request and applied Article 61. Hence, we have concluded that we should deny the motion to withdraw and that our Court should complete its review action on this case.

In light of the accused's motion to withdraw, we have treated this case as if Appellant submitted it without specific assignment of error and have reviewed the entire record pursuant to our responsibilities under Article 66. Our review indicates that Appellant was tried by a military judge sitting as a special court-martial and convicted according to his pleas of a variety of offenses in violation of the UCMJ, including: one specification of conspiracy to steal Coast Guard property in violation of Article 81, UCMJ; one specification of absence without authority from September 29, 1997 until apprehended on December 1, 1997 in violation of Article 86, UCMJ; one specification of missing movement by neglect in violation of Article 87, UCMJ; one specification of failure to obey a lawful order in violation of Article 92, UCMJ; one specification of selling Coast Guard property in violation of Article 108, UCMJ; one specification of larceny of Coast Guard property in violation of Article 121, UCMJ; and one specification of wrongful appropriation of Coast Guard property in violation of Article 121, UCMJ.. The military judge sentenced the accused to reduction in paygrade to E-1, confinement at hard labor for five months, and a bad conduct discharge. Thereafter, the convening authority approved the sentence as adjudged. After reviewing the record, we find no error that materially prejudiced the substantial rights of the accused, and we do not consider the sentence excessive appropriate for this accused and these offenses. We have determined that tThe findings and sentence are determined to be correct in law and fact and, based on the entire record, that they should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Chief Judge BAUM concurs.

For the Court,

J.H. Baum

Chief Judge