**UNITED STATES, Appellee,**

v.

**Private First Class Andrae L. BRIGHT,
United States Army, Appellant.**

**ARMY 20000341.**

U.S. Army Court of Criminal Appeals.

28 Jan. 2005.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel E. Allen Chandler, Jr., JA; Captain Linda A. Chapman, JA (on brief); Major Mary M. McCord, JA; Captain Mary C. Vergona, JA; Colonel Mark Cremin, JA; Lieutenant Colonel Mark Tellitocci, JA; Major Sean S. Park, JA; Captain Michael L. Kanabrocki, JA (briefs on supplemental and specified issue).

For Appellee: Lieutenant Colonel Margaret B. Baines, JA; Major Jennifer H. McGee, JA; Captain Abraham F. Carpio, JA (on brief); Colonel Steven T. Salata, JA; Lieutenant Colonel Theresa A. Gallagher, JA; Captain Abraham F. Carpio, JA (brief on supplemental and specified issue); Colonel Lauren B. Leeker, JA; Lieutenant Colonel Mark L. Johnson; Captain Magdalena A. Przytulska, JA.

Before MERCK, Senior Judge,
SCHENCK, and MOORE, Appellate
Military Judges.

## OPINION OF THE COURT

MERCK, Senior Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of making a false official statement (two specifications), sodomy, assault with the intent to commit rape, indecent acts with another (two specifications), and communicating a threat, in violation of Articles 107, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 925, and 934 [hereinafter UCMJ]. The members sentenced appellant to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement for fifty-five months, forfeiture of all pay and allowances, and reduction to Private E1. The case is before this court for review pursuant to Article 66, UCMJ.

### BACKGROUND

From 5 May 2000 until approximately mid-August 2000, appellant served his sentence to confinement at the United States Army Confinement Facility, Europe (USACFE) in Mannheim, Germany. In mid-August 2000, appellant was transferred from the USACFE

to the Fort Knox Regional Confinement Facility.

On 11 June 2002, appellate defense counsel filed their brief on behalf of appellant. Appellant averred, *inter alia*, that, while incarcerated at the USACFE, he was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 55, UCMJ. In addition to the pleading and appellant's personal assertion of cruel and unusual punishment, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), appellate defense counsel filed Defense Appellate Exhibit B, an affidavit from appellant, describing the alleged physical abuse he endured at the hands of Sergeant (SGT) Michael Davis, a USACFE prison guard. Appellate defense counsel filed nine other affidavits, Defense Appellate Exhibits C–K, from other inmates who allege either that SGT Davis physically abused them or that they witnessed SGT Davis abusing other inmates.

On 21 April 2003, appellate government counsel filed their brief on behalf of appellee. Additionally, appellate government counsel filed affidavits from SGT Davis and Major (MAJ) Robert Suskie, Jr., the commander of USACFE from 24 July 2000 to 12 July 2001, as Government Appellate Exhibits A and B. Sergeant Davis denied that he abused inmates while he was stationed at the USACFE and MAJ Suskie denied that any inmate, during his tenure, filed a complaint against SGT Davis for abusive behavior.

Based on the affidavits filed by both parties, and in accordance with *United States v. Ginn*, 47 M.J. 236 (C.A.A.F.1997), this court ordered the record of trial returned to The Judge Advocate General for such action as was required for a limited hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411, 1967 WL 4276 (1967). *See United States v. Fagan*, 59 M.J. 238 (C.A.A.F.2004). The purpose of the hearing was to allow a military judge to hear evidence and make findings of fact and conclusions of law concerning appellant's allegations of cruel and unusual punishment.

On 8 June 2004, the parties went on the record to begin the limited hearing ordered by the court. However, no evidence was presented at this session. Instead, the military judge granted a defense motion for continuance because the defense had not received a complete copy of the Department of the Army Inspector General's report regarding appellant's allegations of abuse at USACFE. During this session, the parties discussed appellant's desire to waive his right to be present at any subsequent sessions. The military judge informed appellant that the hearing would resume on 13 July 2004, and that, if appellant was not present, the court would presume it was because appellant no longer wished to be present. The hearing recessed on 8 June 2004 and no further sessions of the hearing are reflected in the record.

On 15 July 2004, appellate defense counsel filed a motion to withdraw the assignment of error alleging cruel and unusual punishment as well as the ten Defense Appellate Exhibits attached to the record in support of the allegation. A memorandum for record was attached as an appendix to the motion. The memorandum, signed by both appellant and appellate defense counsel, states:

> Appellate defense counsel ... re-advised appellant of his post-trial and appellate rights, that the [Army Court of Criminal Appeal (ACCA)] may grant relief based upon the alleged claim, that withdrawing his alleged claim from appellate review would foreclose upon any further review of the alleged claim, that the ACCA would ultimately decide whether to grant appellant's motion to withdraw his alleged claim, and if such motion were denied, a *DuBay* hearing would be conducted and appellant would probably be compelled to testify.

On 16 July 2004, appellate defense counsel filed an additional motion to withdraw appellant's personal assertion, pursuant to *Grostefon*, *supra*, of cruel and unusual punishment while at USACFE. On 21 July 2004, the government filed a motion to withdraw Government Appellate Exhibits A and B, contingent upon the granting of appellant's motions to withdraw.

On 14 September 2004, this court specified the following issue:

WHETHER THIS COURT CAN GRANT APPELLANT'S MOTION TO WITHDRAW A POTENTIALLY MERITORIOUS ASSIGNMENT OF ERROR, BUT NOT APPELLANT'S ENTIRE APPEAL, AND STILL COMPLY WITH THE COURT'S MANDATORY RESPONSIBILITIES UNDER ARTICLE 66(c).

Appellate defense counsel filed a brief in response to the specified issue arguing that this court can grant appellant's motion to withdraw and still comply with its responsibilities under Article 66(c), UCMJ. Appellate government counsel filed a response agreeing with the defense position. We disagree.

## THE INTERPLAY BETWEEN ARTICLE 66 AND ARTICLE 61, UCMJ

The UCMJ was enacted in 1950 to expand military justice due process and to blunt criticism that commanders exercised too much control over the court-martial process. *United States v. Bauerbach*, 55 M.J. 501, 503 (Army Ct.Crim.App.2001). Article 66(b), UCMJ, provides the statutory basis for appellate review of a court-martial by a military Court of Criminal Appeals. It states, in part:

[T]he record [shall be referred to a Court of Criminal Appeals] in each case of trial by court-martial—

(1) in which the sentence, as approved [by the convening authority], extends to death, dismissal of a commissioned officer, cadet, or midshipman, dishonorable or bad-conduct discharge, or confinement for one year or more .... [1]

For cases that fall within the ambit of Article 66, UCMJ, Congress has given the

Courts of Criminal Appeals enormous power and responsibility to review the approved findings and sentence. "A Court of Criminal Appeals is charged by the UCMJ with the responsibility of reviewing the 'entire record' and approving 'only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact.'" *United States v. Adams*, 59 M.J. 367, 372 (C.A.A.F.2004) (quoting Article 66(c), UCMJ). Consequently, a Court of Criminal Appeals is "required to independently review" the entire record of trial regardless of what issues an appellant raises on appeal. *See id.*

As our superior court has stated, this system of review seems to make "clear that Congress wished to assure that a court-martial produce an accurate result and not merely one that an accused is willing to accept." *United States v. Hernandez*, 33 M.J. 145, 149 (C.M.A.1991). In fact, historically, if a sentence included a punitive discharge, death, or a year or more of confinement, the case was automatically sent to a Court of Criminal Appeals for appellate review, without regard to whether a soldier wanted to appeal his conviction. *Id.* at 148. It was not until 1983 that Congress provided a mechanism through Article 61, UCMJ, for an accused to voluntarily opt out of appellate review. *Id.*

Now, in order to avoid this comprehensive review, an appellant can either waive or withdraw his appeal,[2] except in cases where the approved sentence includes death. UCMJ art. 61(a) and (b). "A waiver of the right to appellate review or the withdrawal of an appeal under [Article 61] bars review under [Article 66, UCMJ] ...." UCMJ art. 61(c). Unless an appellant takes one of these two actions, a Court of Criminal Appeals must

---

1. The Judge Advocate General has the discretionary authority to refer general court-martial cases to a Court of Criminal Appeals that do not meet the requirements of Article 66(b), UCMJ, for mandatory review by a Court of Criminal Appeals. UCMJ art. 69(d). In those cases, our review is limited to "matters of law." UCMJ art. 69(e).

2. Waiver of an appeal is different from withdrawal of an appeal and must occur prior to a case being referred to a Court of Criminal Appeals. Article 61, UCMJ, allows an accused to waive the right to appeal by filing with the con-

vening authority a statement expressly waiving the right to appellate review. "[S]uch a waiver ... must be filed within 10 days after the action ... is served on the accused or on defense counsel[,]" absent the convening authority granting a thirty day delay for good cause. *See also* Rule for Courts–Martial [hereinafter R.C.M.] 1110(f). Even if an accused waives or withdraws his case from appellate review, a judge advocate is still required to review the case to ensure jurisdiction over the accused and each offense, and that the sentence is legal. R.C.M. 1112.

comply with its mandated duty of review under Article 66(c), UCMJ, for all qualifying cases.[3] UCMJ art. 66(b).

## DISCUSSION

The issue of whether this court can grant appellant's motion to withdraw a potentially meritorious assignment of error, but not appellant's entire appeal, is an issue of first impression for this court. The statutory language of Article 61, UCMJ, when read in conjunction with Article 66, UCMJ, leads inexorably to the conclusion that Congress intended an appellant's withdrawal of appellate review to be an all-or-nothing decision. Congress made no provision for a partial withdrawal of appellate review. Either a case is subjected to appellate review under Article 66(c), UCMJ, or it is not. If it is, this court must examine the "entire record," not just those parts an appellant chooses.

■ Appellant may make a voluntary and knowing request to withdraw his case in its entirety from appellate review.[4] However, contrary to the parties' contentions, the ability to withdraw an appeal does not include the ability to withdraw only part of it. If appellant withdraws his appeal, review under Article 66(c), UCMJ, never occurs. UCMJ art. 61. But, if the appeal is neither waived nor withdrawn, Article 66(c), UCMJ, mandates that we examine no less than the entire record. Once a party's motion to attach an appellate exhibit is granted, that exhibit becomes part of the "entire record" which we must review. See Army Court of Criminal Appeals Internal Rules of Practice and Procedure [hereinafter A.C.C.A.R.] 29. Thus the affidavits attached to the record by defense and government motion in this case must be examined if this court performs a review under Article 66(c), UCMJ.[5] Congress having mandated the scope of our review, we are constrained from ignoring our statutory duty.

Accordingly, the specified issue is answered in the negative. The motion to withdraw assignment of error V, that appellant was subjected to cruel and unusual punishment in violation of the Eighth Amendment and Article 55, UCMJ, is denied. The motion to withdraw appellant's personal assertion of cruel and unusual punishment pursuant to *Grostefon* is denied. The request to withdraw Defense Appellate Exhibits B–K, and the substituted Defense Appellate Exhibit B, which were submitted in support of appellant's assignment of error V, is denied. The record of trial is returned to The Judge Advocate General for such action as is required to conduct a limited *DuBay* hearing as required by our order dated 25 February 2004, attached as an appendix.

Judge SCHENCK and Judge MOORE concur.

## APPENDIX

### ORDER

WHEREAS:

On 5 May 2000, appellant was sentenced to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances,

---

3. For example, in *United States v. Fagan,* 59 M.J. 238 (C.A.A.F.2004), Private (PVT) Fagan made a claim of cruel and usual post-trial punishment nearly identical to that made by the appellant in the present case. In *Fagan,* the case was eventually returned to the convening authority for a further proceeding, pursuant to *United States v. DuBay,* 17 C.M.A. 147, 37 C.M.R. 411, 1967 WL 4276 (1967), for additional fact-finding regarding the cruel and unusual punishment issue. As in appellant's case, PVT Fagan sought to waive his personal appearance at the hearing. Private Fagan eventually elected to withdraw his entire appeal from review, rather than just the issue of cruel and unusual punishment. *United States v. Fagan,* ARMY 20000891 (Army Ct.Crim.App. 30 Aug. 04) (unpub.). Therefore, unlike in this case where appellant seeks to withdraw a single issue while having the remainder of his case reviewed, in *Fagan* we were not required to resolve the issue.

4. We note that once a record of trial is referred to our court for appellate review, it is "within the sound discretion of [our court] to decide whether the record should be withdrawn," at appellant's request. *See United States v. Ross,* 32 M.J. 715, 716 (C.G.C.M.R.1991); A.C.C.A.R. 14 and 14.1.

5. Appellant argues that, if we grant his motion to withdraw the exhibits, they will no longer be part of the "entire record" which we must review. We are unaware of any authority which allows us to excise exhibits from a record once they are attached. *See* A.C.C.A.R. 29.

and reduction to Private E1. On 17 April 2001, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for fifty-five months, forfeiture of all pay and allowances, and reduction to Private E1.

From 5 May 2000 to approximately mid-August 2000, appellant served his confinement at the United States Army Confinement Facility, Europe (USACFE) in Mannheim, Germany. In mid-August 2000, appellant was transferred from the USACFE to the Fort Knox Regional Confinement Facility.

On 11 June 2002, appellate defense counsel filed their Brief on Behalf of Appellant. Appellant avers, *inter alia,* that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 55, Uniform Code of Military Justice, 10 U.S.C. § 855 [hereinafter UCMJ], while incarcerated at the USACFE. In addition to the pleading, appellate defense counsel filed Defense Appellate Exhibit B—an affidavit from appellant—describing the alleged physical abuse he endured at the hands of Sergeant (SGT) Michael Davis, one of the USACFE prison guards. Appellate defense counsel filed nine other affidavits, Defense Appellate Exhibits C–K, from other inmates who either allege they suffered similar physical abuse by SGT Davis or that they witnessed inmates being subjected to the abuse by SGT Davis.

On 21 April 2003, appellate government counsel filed their Brief on Behalf of Appellee. Additionally, appellate government counsel filed an affidavit from SGT Davis and Major (MAJ) Robert Suskie, Jr. as Government Appellate Exhibits A and B. Sergeant Davis denies that he used abusive behavior toward inmates while he was stationed at the USACFE and MAJ Suskie, the commander of USACFE from 24 July 2000 to 12 July 2001, denies that any inmate, during his tenure, filed a complaint against SGT Davis for abusive behavior.

Appellant's "post-trial claim of cruel and unusual punishment is 'collateral' in the most classic sense—it has nothing to do with his guilt or innocence of the crimes of which he stands convicted." *United States v. Fagan,* 59 M.J. 238, 241 (C.A.A.F.2004). The proper framework to decide appellant's post-trial collateral claim is found in *United States v. Ginn,* 47 M.J. 236 (C.A.A.F.1997). "The linchpin of the *Ginn* framework is the recognition that a Court of Criminal Appeals' fact-finding authority under Article 66(c) does not extend to deciding disputed questions of fact pertaining to a post-trial claim, solely or in part on the basis of conflicting affidavits submitted by the parties." *Fagan,* 59 M.J. at 242 (citing *Ginn,* 47 M.J. at 243).

"The *Ginn* framework requires a *DuBay* hearing only if the opposing affidavits raise a fact dispute that is 'material' to the resolution of the post-trial claim and the claim cannot be otherwise resolved through the application of the five *Ginn* factors." *Fagan,* 59 M.J. at 243 (citing *Ginn,* 47 M.J. at 244–45). The affidavits in this case raise material fact disputes that require a *DuBay* hearing.

NOW, THEREFORE, IT IS ORDERED:

1. That the record of trial is returned to The Judge Advocate General for such action as is required to conduct a limited hearing pursuant to *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411, 1967 WL 4276 (1967);

2. That the *DuBay* military judge will determine whether appellant was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 55, UCMJ, while incarcerated at the USACFE;

3. That the *DuBay* military judge will permit the presentation of witnesses and evidence, make rulings as appropriate, and enter findings of fact and conclusions of law concerning appellant's allegations of cruel and unusual punishment;

4. That should the *DuBay* military judge determine that appellant was subjected to cruel and unusual punishment, the *DuBay* military judge will recommend an appropriate award of confinement credit; and

5. That at the conclusion of the proceedings, the record, with an authenticated verbatim transcript of the hearing, will be expedi-

tiously returned to this Court for further review.