UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SCHENCK, WALBURN, and MAGGS
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist RONALD E. COOK
 United States Army, Appellant

 ARMY 20060261

 Headquarters, III Corps and Fort Hood
 Gregory A. Gross, Military Judge (arraignment)
 Alan L. Cook, Military Judge (trial)
 Colonel Mark Cremin, Staff Judge Advocate

For Appellant: Lieutenant Colonel Steven Henricks, JA; Major Fansu Ku, JA;
Captain Richard P. Pizur, JA (on brief).

For Appellee: Colonel John W. Miller, JA; Major Elizabeth G. Marotta, JA;
Captain Larry W. Downend, JA; Captain Lynn I. Williams, JA (on brief).

 26 February 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 Appellant was convicted by an officer and enlisted panel, contrary to
his pleas, of forcibly sodomizing his seven-year-old stepdaughter.
Appellant asserts the evidence is factually insufficient to support his
conviction. We disagree. The victim, VW, testified that while her mother
was at work, appellant came to her room, required her to lay across her
bed, and proceeded to pull down her pants and anally sodomize her. VW
further testified that appellant told her not to tell or he would hurt her.
 Despite this warning, VW told her mother the next morning about the attack
as they were walking to the hospital for a previously scheduled medical
appointment.

 Later that day, Ms. Deborah Kleypas, an experienced Sexual Assault
Nurse Examiner (S.A.N.E.), examined VW. Ms. Kleypas, who was recognized by
the military judge as a S.A.N.E. expert, had conducted over 300 sexual
assault examinations and testified in court on 10 previous occasions (both
civilian and military). VW told Ms. Kleypas that [appellant] “made me lay
down on the bed . . . He put his middle part (VW pointed to a penis on an
anatomical diagram) in my behind (VW pointed to an anus on the anatomical
diagram) . . . Right in here where I do number two from. I cried because
it hurt.”
 Ms. Kleypas testified that her physical exam of VW revealed recent
injuries in VW’s anal area consistent with sexual abuse. Ms. Kleypas found
a one centimeter laceration at eleven o’clock, a .5 centimeter abrasion at
five o’clock, and a one and one-quarter centimeter abrasion at six-thirty
o’clock. Photos of these injuries were admitted. Ms. Kleypas opined VW’s
injuries indicated acute injury that had occurred within a week of her
examination of VW.

 To counter the government’s case, the defense argued that both VW and
 appellant’s wife had tested positive for Chlaymydia, a sexually
transmitted disease. There was no direct evidence that appellant was
infected. A social worker later interviewed VW. When questioned about
inconsistencies during this interview, and despite being shown a tape of
this interview, VW denied making some of the statements shown on the video.
 The defense called Mr. Lawrence Presley whom the military judge recognized
as a forensic examination expert. Mr. Presley’s testimony focused on the
one piece of physical evidence connected with this case, a single hair
sample found in the panties apparently worn by VW the day of her assault.

 Appellant argues his innocence is buttressed by Mr. Presley’s
conclusion the hair found in VW’s panties was “dissimilar” to hair samples
provided by appellant. While Mr. Presley did make this conclusion, his
testimony does not particularly weaken the government’s case. The
government did not rely on the hair to prove appellant’s guilt and Mr.
Presley did not conclude that the hair came from another perpetrator.
Rather, Mr. Presley merely testified that based on the size of the hair he
would not have recommended DNA testing (and none was attempted).
Additionally, he was unable to conclude it was a pubic hair. In fact, Mr.
Presley opined the sample was more indicative of a head hair from a partly
Negroid, partly Caucasian, person. It is entirely possible the hair was
from VW’s own head.

 Based on the record as a whole we conclude that the evidence
presented by the government was factually sufficient to support the panel’s
verdict and we are convinced of appellant’s guilt beyond a reasonable
doubt. See United States v. Turner, 25 M.J. 324, 325 (C.M.A. 1987); United
States v. Bright, 60 M.J. 936, 938 (Army Ct. Crim. App. 2005) (citing
United States v. Adams, 59 M.J. 367, 373 (C.A.A.F. 2004)).

 We have considered the remaining assignments of error, and those
matters personally asserted by appellant pursuant to United States v.
Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.
Accordingly, the finding of guilty and sentence are affirmed.*

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
* Although the convening authority’s action only provided 118 days
confinement credit, appellant should receive the 123 days confinement
credit the military judge awarded him. See Rule for Courts-Martial
1107(f)(4)(F); Army Reg. 27-10, Legal Services: Military Justice, para. 5-
28a (16 Nov. 2005) (requiring a convening authority to “show in [the]
initial action all credits against a sentence to confinement . . .
regardless of the source of the credit . . . or for any . . . reason
specified by the judge”); United States v. Delvalle, 55 M.J. 648, 649 n.1,
656 (Army Ct. Crim. App. 2001); United States v. Arab, 55 M.J. 508, 510
n.2, 520 (Army Ct. Crim. App. 2001). Although appellant defense counsel
indicated appellant received 123 days confinement credit, to the extent
appellant has not already received this credit, appellant will be credited
with a total of 123 days of confinement credit.