UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, ZOLPER, and MAGGS*
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant DANIEL W. BREWER
 United States Army, Appellant

 ARMY 20040625

 Headquarters, Fort Stewart
 Gary W. Smith, Military Judge
 Lieutenant Colonel Charles S. Walters, Staff Judge Advocate

For Appellant: Major Fansu Ku, JA; Mary Hall, Esquire (on brief).

For Appellee: Colonel John W. Miller, JA; Major Elizabeth G. Marotta, JA;
Captain Michael C. Friess, JA; Captain Mark E. Goodson, JA (on brief).

 28 August 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 A panel composed of officer and enlisted members sitting as a general
court-martial convicted appellant, contrary to his pleas, of attempted
sodomy with a child under the age of 16 years, sodomy with a child under
the age of 16 years (three specifications), and indecent acts with a child
under the age of 16 years (eight specifications), in violation of Articles
80, 125, and 134 of the Uniform Code of Military Justice, 10 U.S.C. § 880,
925 and 934 [hereinafter UCMJ]. The panel sentenced appellant to a
dishonorable discharge, confinement for 30 years, forfeiture of all pay and
allowances, and reduction to Private E1. The convening authority approved
the sentence. This case is before the court for review under Article 66,
UCMJ.

 All of the charges and specifications in this case relate to
appellant’s sexual abuse of his two natural daughters, MB and AB, over the
course of five years. At the time of appellant’s misconduct, MB and AB
were between the ages of 9 and 13 and 7 and 11, respectively.

* Judge MAGGS took final action in this case while on active duty.
 Appellant asserts, inter alia, the evidence is factually and legally
insufficient to support portions of multiple specifications. The
government agrees that several specifications or portions therein are not
supported by the record. Based upon the government’s concessions and our
independent review of the evidence, we set aside two specifications, amend
five specifications, and affirm the approved sentence.

 The government concedes there is insufficient evidence to support
Specifications 1 and 3 of Charge IV (indecent acts); we agree, and
therefore, set aside both specifications.

 With respect to Specification 2 of Charge IV (indecent acts), the
government admits the record failed to establish appellant touched AB on
her thigh with his penis on more then one occasion. We agree.
Furthermore, appellant did not admit, and AB did not testify, that he
touched AB’s breasts. Consequently, that portion of the specification is
also insufficient. The remainder of the specification, however, is both
factually and legally sufficient. The court, therefore, finds appellant
committed indecent acts by touching AB’s buttocks and vagina with his hands
on divers occasions and touched AB on her thigh with his penis on one
occasion (not divers), at Lake City, Missouri from on or about 1 July 1999
to on or about 31 October 2001. As such, the Specification 2 of Charge IV
is amended with exceptions and substitutions, as follows:

 Specification 2: In that Staff Sergeant Daniel W. Brewer, U.S.
 Army, did, at or near Lake City, Missouri, between on or about 1
 July 1999, and on or about 31 October 2001, on divers occasions,
 commit an indecent act upon the body of AB, a female under the
 age of 16, not the wife of Staff Sergeant Daniel W. Brewer, by
 touching her with his hands on her vagina and buttocks, and by
 touching AB on her thigh with his penis on one occasion, with
 intent to gratify his sexual desires.

 Similarly, with respect to Specification 4 of Charge IV (indecent
acts), the government concedes and the court finds there is no evidence to
support the finding that appellant kissed AB on the mouth and touched her
with his penis at or near Ludowici, GA, between on or about 1 November
2001, and on or about 31 May 2002. In addition, the evidence presented at
trial does not support a finding that appellant touched AB’s breasts or
buttocks during this time frame. As such, Specification 4 of Charge IV is
amended with exceptions, as follows:

 Specification 4: In that Staff Sergeant Daniel W. Brewer, U.S.
 Army, did, at or near Ludowici, Georgia, between on or about 1
 November 2001, and on or about 31 May 2002, on divers occasions,
 commit an indecent act upon the body of AB, a female under the
 age of 16, not the wife of Staff Sergeant Daniel W. Brewer, by
 touching her with his hands on her vagina with intent to gratify
 his sexual desires.

 Specification 5 of Charge IV (indecent acts) also includes misconduct
not supported by the record. Appellant argues, and the government agrees,
the evidence only supports the portion of the specification that alleged
appellant touched MB with his hands on her buttocks on one occasion at or
near Camp Oliver, GA between on or about 1 May 2002 and or about 14 August
2003. We agree with the appellant’s analysis. As such, the Specification
is amended with exceptions and substitutions as follows:

 Specification 5: In that Staff Sergeant Daniel W. Brewer, U.S.
 Army, did, at or near Camp Oliver, Georgia, between on or about 1
 May 2002 and on or about 14 August 2003, commit an indecent act
 upon the body of MB, a female under the age of 16, not the wife
 of Staff Sergeant Daniel W. Brewer, by touching her with his
 hands on her buttocks with intent to gratify his sexual desires.

 With respect to Specification 7 of Charge IV (indecent acts), the
government concedes and the court finds there is no evidence appellant
kissed MB on the mouth and breasts, at or near Ft. Stewart, GA, between on
or about 15 August 2003 and on or about 23 October 2003. There is only
evidence that during this time,[1] appellant touched MB, with his hands on
her breasts, vagina, and buttocks; and touched her with his penis on her
mouth. As such, the Specification is amended with exceptions and
substitutions as follows:

 Specification 7: In that Staff Sergeant Daniel W. Brewer, U.S.
 Army, did, at or near Ft. Stewart, Georgia, between on or about
 15 August 2003 and on or about 23 October 2003, commit an
 indecent act upon the body of M.B., a female under the age of 16,
 not the wife of Staff Sergeant Daniel W. Brewer, by touching her
 with his hands on her breasts, vagina, and buttocks; and touching
 her with his penis on her mouth with intent to gratify his sexual
 desires.

 Similarly, there is no evidence appellant kissed AB on the mouth and
breasts as alleged in Specification 8 of Charge IV (indecent acts). Again,
the government concedes the specification is not supported by the record.
We concur and find there is only evidence that appellant touched AB with
his hands on her breasts, vagina, and buttocks. As such, the Specification
is amended with exceptions and substitutions as follows:

 Specification 8: In that Staff Sergeant Daniel W. Brewer, U.S.
 Army, did, at or near Ft. Stewart, Georgia, between on or about
 15 August 2003 and on or about 23 October 2003, on divers
 occasions, commit an indecent act upon the body of AB, a female
 under the age of 16, not the wife of Staff Sergeant Daniel W.
 Brewer, by touching AB with his hands on her breasts, vagina, and
 buttocks with intent to gratify his sexual desires.

 Based on the record as a whole we conclude that the remaining evidence
presented by the government was factually sufficient to support the panel’s
verdict and we are convinced of appellant’s guilt beyond a reasonable
doubt. See United States v. Turner, 25 M.J. 324, 325 (C.M.A. 1987); United
States v. Bright, 60 M.J. 936, 938 (Army Ct. Crim. App. 2005) (citing
United States v. Adams, 59 M.J. 367, 372 (C.A.A.F. 2004)).

 Although we have set aside two specifications and amended five other
specifications to reflect the evidence presented at trial, the overall
criminal conduct remains extremely serious. This criminal conduct occurred
over the course of five years. The most serious conduct included the
appellant anally sodomizing his 12-year-old daughter, MB. Moreover, while
MB was only 12 years of age, appellant had her orally sodomize him and he
orally sodomized her. He also attempted to have his seven-year-old
daughter, AB, orally sodomize him. Even the amended specifications of
indecent acts in Charge IV reflect a continuing course of inappropriate
touching at various locations and dates with his two natural daughters.

 Appellant’s actions are compounded by threatening each daughter that
he would physically harm them and throw them out of the house should they
ever reveal his criminal actions. Both his daughters manifested ongoing
psychological harm, for which ongoing treatment is needed. Appellant also
would likely be a poor candidate for sex offender treatment. He was
diagnosed with both narcissistic and dependent personality disorders.

 Reassessing the sentence on the basis of the error noted, the entire
record, and applying the principles of United States v. Sales, 22 M.J. 305
(C.M.A. 1986), and United States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006),
the court affirms the sentence.

 We set aside Specifications 1 and 3 of Charge IV and affirm the
findings of guilty to Specifications 2, 4, 5, 7, 8 of Charge IV as amended.
 The remaining findings of guilty are affirmed. We have considered the
remaining assignments of error[2] and those matters personally asserted by
appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.
1982), and find them to be without merit. Accordingly, the findings of
guilty as amended and sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Although the government’s brief indicates the dates for Specification 7
of Charge IV should amended to, “between on or about 1 August 2003 and on
or about 23 October 2003, the charged date begins with “15 August 2003.”
The evidence supports these acts occurring within the charged time, and we
are not at liberty to expand the charged dates.
[2] In Assignment of Error II b., appellant asserts he received
ineffective assistance of counsel because his assistant defense counsel
used a draft unsworn statement in the pre-sentencing hearing, without
appellant’s express consent, when appellant was being tried in absentia.
We find that this was error. Appellant’s decision to make an unsworn
statement in pre-sentencing is his personal decision. United States v.
Marcum, 60 M.J. 198, 209 (C.A.A.F 2004). The enclosure to Government
Appellate Exhibit 1 is the pre-trial written rights advisement. While this
form puts appellant on notice of his rights, it does not provide his
consent for his counsel to make an unsworn statement (arguably covered by
the attorney-client privilege) on his behalf. However, appellant had
returned to military control by the time Rule for Courts-Martial 1105
matters were submitted and raised no objection. As such, he ratified the
decision his defense counsel made. Furthermore, we find no prejudice, as
the unsworn statement contained only non-specific apologies, no admission
of guilt, and extenuating evidence that appellant was the victim of child
abuse as a child. See United States v. Strickland, 466 U.S. 668 (1984);
United States v. Dobrava, 64 M.J. 503 (Army Ct. Crim. App. 2006).