UNITED STATES, Appellee,

v.

**Robert E. WALKER, Captain,
U.S. Air Force, Appellant.**

Misc. No. 92–24.
ACM 29497.

U.S. Court of Military Appeals.

Submitted April 29, 1992.

Decided July 29, 1992.

———

For Appellant: *Colonel Jeffrey R. Owens* and *Major Alice M. Kottmyer.*

For Appellee: *Lieutenant Colonel Brenda J. Hollis* and *Major Paul H. Blackwell, Jr.*

PER CURIAM.

Captain Walker filed a pleading with this Court styled a petition for extraordinary relief. He particularly seeks an order from this Court directing review of his court-martial conviction by the United States Air Force Court of Military Review under the provisions of Article 66, Uniform Code of Military Justice, 10 USC § 866. Since his request for review was denied by the Court of Military Review on March 30, 1992, we construe this pleading as a writ-appeal petition. *See Ellis v. Jacob,* 26 MJ 90, 91 n. 2 (CMA 1988).

The facts giving rise to the issue raised in this petition are not in dispute. Appellant was convicted by a general court-martial of various offenses in violation of Articles 107, 121, and 133, UCMJ, 10 USC §§ 907, 921, and 933, respectively. The sentence extending to a dismissal, hard labor without confinement for 3 months, and forfeiture of $400.00 pay per month for 3 months was adjudged on June 14, 1991. On that same date, appellant signed a request for appellate defense counsel to represent him before the Court of Military Review. (AF Form 304, July 84).

On August 26, 1991, appellant submitted a letter to the staff judge advocate of 15th Air Force wherein he noted that said "letter serves as formal notification for withdrawal of my appeal request." On August 28, 1991, appellant and his defense counsel prepared a Department of Defense Form 2330 which also purported to "withdraw" his case from appellate review. The convening authority approved the findings and the adjudged dismissal on September 6, 1991, and the record was received by the Court of Military Review on September 26, 1991. On November 26, 1991, the chief commissioner of that court returned appellant's case to the Office of the Judge Advocate General of the Air Force on the basis of the withdrawal documents noted above. On March 23, 1992, appellant presented a motion to the Court of Military Review asking that his case be returned to it for

appellate review. On March 30, 1992, the Court of Military Review denied appellant's motion.

Counsel representing appellant before this Court note that the withdrawal documents in this case were executed prior to the convening authority's action. Accordingly, they argue that such documents constitute an invalid attempt to waive appellate review under the holding of *United States v. Hernandez*, 33 MJ 145 (CMA 1991). There, this Court held that a waiver of appeal executed prior to a convening authority's action was ineffective.

Contrarily, government counsel submit that the word "withdrawal" was used in appellant's documents and, thus, the holding of *United States v. Hernandez, supra,* does not pertain in this case. They argue that Article 61(b), UCMJ, 10 USC § 861(b) (1983), authorizes an accused to "withdraw an appeal at any time." Thus, in view of the particular language of Article 61(a), which authorizes an accused to waive appellate review "within 10 days after the action under section 860(c) of this title," government counsel conclude that the holding of *United States v. Hernandez, supra,* should not be applied in this case.

The Government correctly notes the difference in the operative language of these two paragraphs of Article 61. However, its argument misconstrues the legal efficacy of the documents in question. As these documents were executed prior to the convening authority's action, no appeal of appellant's case was pending at the time of their execution. *See United States v. Allen,* 33 MJ 209, 215 (CMA 1991); *United States v. Green,* 4 MJ 203, 204 (CMA 1978). Indeed, commenting on the nature of a withdrawal of an appeal, this Court observed in *United States v. Hernandez, supra* at 149:

> However, withdrawal of an appeal cannot take place for some time after an accused's trial; and by then, the traumatic effects of the findings and sentence will have lessened considerably. Moreover, *withdrawal of an appeal occurs under judicial supervision,* which provides some safeguards against improvident action by an accused; and the accused will have enjoyed ample opportunity to obtain qualified legal advice by the time he undertakes to withdraw the appeal. Indeed, the very circumstance that an appeal can be withdrawn later reduces the need to uphold hasty waivers soon after trial.

(Emphasis added.)

■ Thus, a withdrawal of appeal can occur only after the convening authority's action when the case is then pending review by an appellate judicial authority. Here, appellant's attempted withdrawal was premature. Use of the word "withdraw" in the relevant documents could not legally change the status of his case which was not yet pending appellate review. Therefore, his action was simply an attempt to waive appellate review prior to the convening authority's action, which is prohibited by our holding in *United States v. Hernandez, supra. See United States v. Smith,* 34 MJ 247 (CMA 1992). Accordingly, the writ-appeal petition is granted.

The United States Air Force Court of Military Review's denial of the motion requesting appellate review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to that court for review under Article 66, Uniform Code of Military Justice, 10 USC § 866.