UNITED STATES, Appellant

v.

Jeffrey M. MILLER, Seaman
U.S. Coast Guard, Appellee

No. 06-5002

Crim. App. No. 005-69-01

United States Court of Appeals for the Armed Forces

Argued February 8, 2006

Decided March 14, 2006

EFFRON, J., delivered the opinion of the Court, in which GIERKE, C.J., and CRAWFORD, BAKER, and ERDMANN, JJ., joined.


Counsel

For Appellant:  Lieutenant Commander John S. Luce Jr. (argued); Commander Jeffrey C. Good (on brief).

For Appellee:  Lieutenant Commander Nancy J. Truax (argued).

Amicus Curiae:  Lieutenant Commander Jason S. Grover, JAGC, USN (argued); Captain Pamela A. Holden, JAGC, USN, for the United States Navy-Marine Corps Appellate Defense Division (on brief).

Amicus Curiae:  Kathleen A. Duignan, Esq. (argued); Eugene R. Fidell, Esq., and Stephen A. Saltzburg, Esq., for the National Institute of Military Justice (on brief).


Military Judge:  Michael E. Tousley



**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Miller, No. 06-5002/CG

Judge EFFRON delivered the opinion of the Court.

On November 21, 2003, at a special court-martial composed of a military judge sitting alone, Appellee was convicted, pursuant to his pleas, of various controlled substances offenses, in violation of Articles 112(a) and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912(a), 934 (2000). He was sentenced to a bad-conduct discharge and reduction to E-1.

As we describe in more detail below, this case involves Appellee's interest in waiving appellate review of his case. We briefly describe the procedures for review of a court-martial in which the sentence includes a punitive discharge and then turn to the specific circumstances of the present appeal.

I. WAIVER AND WITHDRAWAL OF APPELLATE REVIEW

Under Article 60(c), UCMJ, 10 U.S.C. § 860(c) (2000), the sentence in every court-martial case is submitted to the convening authority for approval. If the sentence approved by the convening authority includes capital punishment, a punitive discharge, or confinement for one year or more, the UCMJ provides for mandatory review in the Court of Criminal Appeals. Article 66(b), UCMJ, 10 U.S.C. § 866(b) (2000). The court has an affirmative obligation to ensure that the findings and sentence in each such case are "correct in law and fact . . .

2

and should be approved."  Article 66(c), UCMJ, 10 U.S.C. §

866(c) (2000).

Congress has provided a narrow window in which an accused

may waive appellate review in non-capital cases.  Under Article

61(a), UCMJ, 10 U.S.C. § 861(a) (2000):

> the accused may file with the convening
> authority a statement expressly waiving the
> right of the accused to such review.  Such
> waiver shall be signed by the accused and
> defense counsel and must be filed within 10
> days after the action [on the sentence] is
> served on the accused or on defense counsel.
> The convening authority or other person
> taking such action may extend the period for
> such filing by not more than 30 days.

Because a waiver may not be filed prior to the convening

authority's action, a premature filing is invalid, and appellate

review will proceed.  See United States v. Hernandez, 33 M.J.

145 (C.M.A. 1991).

If the accused has waived review by the Court of Criminal

Appeals, the convening authority must refer the case for review

by a judge advocate under Article 64, UCMJ, 10 U.S.C. § 864

(2000), and Rule for Courts-Martial (R.C.M.) 1112.  In specified

circumstances, including a case in which a punitive discharge

has been adjudged, the case is then submitted for further action

by an officer exercising general court-martial authority under

Article 64(b) and R.C.M. 1112(e).  See Article 71(c)(2), UCMJ,

10 U.S.C. § 871(c)(2) (2000).  Such cases also may be reviewed

by the Office of the Judge Advocate General under Article 69(b),

UCMJ, 10 U.S.C. § 869(b) (2000).

If review by the Court of Criminal Appeals has not been

waived, "the accused may withdraw an appeal at any time" in a

non-capital case.  Article 61(b), UCMJ, 10 U.S.C. § 861(b)

(2000).  The discretion to grant or deny a motion to withdraw an

appeal is vested in the appellate courts.  See Hernandez, 33

M.J. at 149.


## II. APPELLEE'S WAIVER

On November 21, 2003, the day that the court-martial

adjudged his sentence, Appellee advised his defense counsel that

he wanted to waive his appellate rights, and the defense counsel

provided him with a standard waiver form.  Several months later,

on February 23, 2004, Appellee signed the waiver form and mailed

it to his defense counsel.  See R.C.M. 1110(f).  Defense counsel

added his signature and submitted the form to the convening

authority on March 5, 2004, prior to the convening authority's

action on the case.  Because a waiver may not be filed prior to

the convening authority's action, the filing was treated as

premature.

On June 18, 2004, the convening authority approved the

sentence as adjudged, and this action was served on defense

counsel on July 8, 2004.  The next day, defense counsel

4

resubmitted the previously signed waiver of appellate rights. The waiver was accompanied by a statement from defense counsel noting that Appellee had been advised of his appellate rights as well as the effect of a waiver and that Appellee "has reiterated his desire to waive his appellate rights."

The convening authority accepted the waiver. In view of the waiver, the convening authority transmitted the record of trial for review by a judge advocate under Article 64(a). The judge advocate recommended that the general court-martial convening authority approve the findings and sentence. On November 4, 2004, the general court-martial convening authority approved the findings and the sentence that the special court-martial convening authority had approved. See R.C.M. 1112(e), (f); R.C.M. 1113(b).

Pursuant to applicable Coast Guard practice, the record was forwarded to the Commandant for final action. See Dep't of Transportation, Coast Guard Military Justice Manual, COMDTINST M5810.1D, para. 5.F.3.b. (Aug. 2000). The Commandant's office, in turn, sent the case to the chief judge of the lower court to conduct a review under Article 69(b) for the Judge Advocate General. The chief judge, however, noted the issue of the timeliness of the waiver as a predicate question to be answered prior to any further review, and he returned the case to the Judge Advocate General "for resolution of the issue." On March

18, 2005, the Judge Advocate General followed the recommendation of his legal counsel to "[p]resume that the waiver is effective, but refer [the] case to the Coast Guard Court of Criminal Appeals pursuant to UCMJ Article 69(d)."

Before the Court of Criminal Appeals, Appellee again sought to terminate appellate review. He asserted that the waiver filed after the convening authority's action was valid, and he submitted an affidavit setting forth the basis for concluding that he had exercised an informed waiver of his appellate rights. Appellee also filed a withdrawal of appellate review in the event that the court did not accept his waiver.

In a divided opinion, the Court of Criminal Appeals rejected Appellee's position on waiver and concluded that the waiver filed with the convening authority was not valid. United States v. Miller, 61 M.J. 827 (C.G. Ct. Crim. App. 2005). The court also determined that the case should then be considered as a normal, mandatory review of a punitive discharge case by the Court of Criminal Appeals under Article 66(c) and granted appellee's motion to withdraw the appeal pursuant to Article 61(a). The court returned the record of trial to the Judge Advocate General to finalize action in the case.

### III. THE CERTIFIED ISSUES

On November 17, 2005, the Judge Advocate General of the United States Coast Guard certified the following issues for review by our Court under Article 67(a)(2), 10 U.S.C. § 867(a)(2) (2000):

  I.   DID THE COAST GUARD COURT OF CRIMINAL APPEALS, AFTER CONCLUDING THAT [APPELLEE]'S WAIVER OF APPELLATE REVIEW WAS INVALID, ERR BY CONDUCTING A SUA SPONTE REVIEW UNDER ARTICLE 66(b), WHERE THE JUDGE ADVOCATE GENERAL CERTIFIED THE CASE TO THE COURT PURSUANT TO UCMJ ARTICLE 69(d).

  II.  DID THE COAST GUARD COURT OF CRIMINAL APPEALS ERR BY CONCLUDING THAT RCM 1110(f), WHICH EXPRESSLY PERMITS AN ACCUSED TO SIGN A WAIVER OF APPELLATE REVIEW "AT ANY TIME AFTER THE SENTENCE IS ANNOUNCED," IS CONTRARY TO UCMJ ARTICLE 61.

  III. TO THE EXTENT THAT UCMJ ARTICLE 61 IS AMBIGUOUS, AND GIVEN THAT CONGRESS HAS EXPRESSLY GRANTED THE PRESIDENT RULE-MAKING AUTHORITY IN THE FIELD OF MILITARY JUSTICE, MUST AN ARTICLE I COURT DEFER TO THE PRESIDENT'S REASONABLE INTERPRETATION OF THAT ARTICLE.

The judges of the Court of Criminal Appeals issued two thoughtful opinions in the present case.  The majority focused on the fact that Appellee signed the waiver prior to the inception of the statutory period in which a waiver may be filed, even though it was filed subsequently during the

7

appropriate time period.  Miller, 61 M.J. at 828.  Relying on our opinions concerning premature filings, the majority emphasized the importance of ensuring that the decision by an accused to waive an appeal is made only after being fully informed of the circumstances and consequences, including the convening authority's action.  Id. at 829 (citing Hernandez, 33 M.J. at 147); United States v. Smith, 44 M.J. 387, 392 (C.A.A.F. 1996); United States v. Walker, 34 M.J. 317, 318 (C.M.A. 1992); United States v. Smith, 34 M.J. 247, 249 (C.M.A. 1992).

The majority noted that at the time of Hernandez, the Manual for Courts-Martial did not address the time period in which the waiver could be signed and that the President subsequently amended R.C.M. 1110(f)(1) to provide:  "The accused may sign a waiver of appellate review at any time after the sentence is announced."  Miller, 61 M.J. at 828.  In the majority's view, the amendment was invalid because it was inconsistent with the purpose of Article 61, as reflected in this Court's decisions.  Id. at 830.  The majority contrasted the uncertainty of a document signed prior to the convening authority's action with the confidence that they placed in Appellee's decision to withdraw the case from review at the Court of Criminal Appeals.  Id.

The minority opinion at the Court of Criminal Appeals focused on the facts and circumstances concerning the filing of

8

the waiver after the convening authority acted.  Id. at 836
(Felicetti, J., concurring in part and dissenting in part,
joined by Kantor, J.).  The minority agreed with much of the
analysis offered by the majority.  In particular, the minority
emphasized the importance of demonstrating that the accused made
a provident decision to waive appellate rights after, not
before, the convening authority's action.  Id. at 835 (citing
Hernandez, 33 M.J. at 148-49).  The minority also agreed that
"the preferred way to demonstrate a provident filing decision is
for the accused to sign the waiver form within 10 days of
receipt of the convening authority's action."  Id.  In that
regard, the minority stated that the record must "show that the
accused made an informed and voluntary decision after a 'cooling
off' period."  Id. at 835 (citing Hernandez, 33 M.J. at 148).

The narrow point of disagreement between the two opinions
involved the question of providency of the waiver decision.  The
minority opinion concluded that the record "may sometimes show
that the accused's decision to file (execute) a previously
signed waiver form was, in fact, provident."  Id. at 835.  In
reaching this conclusion, the minority noted that the text of
the statute addressed both signing and filing but required only
that the filing take place after the convening authority's
action.  The minority provided a detailed description of the
legislative history reflecting the separate treatment of signing

9

and filing. Id. at 834. The minority also cited the legislative history for the proposition that Congress focused its concern about timing on the filing rather than the signing of the waiver form. Id. at 834-35.

The minority concluded that a waiver document may be signed before the convening authority's action so long as the providency of the waiver is "demonstrated by a serious, rational, and informed discussion between the accused and his or her defense counsel after the [convening authority's] action, but before filing the waiver . . . . This informed discussion, of course, must be documented in the record." Id. at 836 (citation omitted). The minority also concluded that the record of the present case demonstrated the requisite showing of providency. Id.

We agree with the analysis offered in the minority opinion. The preferred method of demonstrating a provident waiver is a document signed after the convening authority's action, but a document signed beforehand may be used so long as the record demonstrates a serious, rational, and informed discussion between the accused and defense counsel after the convening authority's action, but before the filing of the waiver. We also agree that the record in this case provides the requisite showing of providency. See id. Because Appellee's original

waiver was valid, we answer the second certified question in the affirmative.

Appellate review of the waiver was appropriate to ensure that the waiver was provident.  Now that the issue of providency has been resolved, no further review is required, and the case should be finalized.  In that regard, the first certified issue, regarding the appellate relationship between Articles 66(b) and 69(d) is moot, and we decline to address it.

The third certified issue presumes reliance on R.C.M. 1110(f) for the interpretation of Article 61.  We have concluded that the text of Article 61 does not preclude signing a waiver at any time so long as there is a provident waiver decision after the convening authority's action.  Because our analysis is based on the text of Article 61, our conclusion would be the same even if the President had not expressly authorized an early signing under R.C.M. 1110(f).  Accordingly, we view the third certified issue as raising a question not pertinent to our decision, and we decline to address it.

## IV. CONCLUSION

The decision of the United States Coast Guard Court of Criminal Appeals is set aside.  The record is returned to the Judge Advocate General of the Coast Guard for final disposition of the record under Article 65, UCMJ, 10 U.S.C. § 865 (2000).

11