# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

**No. ACM 39293**

―――――――――――――

**UNITED STATES**
*Appellee*

**v.**

**Corey A. BETHEL**
Senior Airman (E-4), U.S. Air Force, *Appellant*

―――――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 29 November 2018

―――――――――――――

*Military Judge:* Charles E. Wiedie, Jr.

*Approved sentence:* Bad-conduct discharge, confinement for 2 years and 6 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 17 March 2017 by GCM convened at Misawa Air Base, Japan.

*For Appellant:* Captain Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before HUYGEN, MINK, and POSCH, *Appellate Military Judges*.

Judge POSCH delivered the opinion of the court, in which Senior Judge HUYGEN and Judge MINK joined.

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

―――――――――――――

POSCH, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. He pleaded guilty to two specifications, each alleging sexual abuse of a child by indecent exposure in violation of Article 120b(c), Uniform

Code of Military Justice (UCMJ), 10 U.S.C. § 920b(c). Appellant pleaded not guilty and was acquitted of sexual assault of one woman and abusive sexual contact of another, each alleged as a violation of Article 120, UCMJ, 10 U.S.C. § 920. Appellant was sentenced to a bad-conduct discharge, confinement for two years and six months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the findings and sentence as adjudged.

Appellant raises four issues on appeal: (1) whether the military judge abused his discretion in not suppressing Appellant's incriminating statements to investigators because Appellant invoked the right to counsel before questioning began; (2) whether the seizure of Appellant's cell phones by his first sergeant was unlawful;[1] (3) whether Appellant's guilty plea to sexual abuse of BK was improvident because of his mistake of fact as to her age; and (4) whether Appellant's sentence is inappropriately severe. We find no error and affirm.

## I. BACKGROUND

The charge and two specifications in this case alleged Appellant committed sexual abuse of BK by indecent exposure on divers occasions and of AH by indecent exposure on one occasion. Appellant met 15-year-old BK in early 2016 at the 16th birthday party of a friend of BK on Misawa Air Base, Japan. In approximately June 2016, after corresponding with BK using various text message applications, Appellant sent BK a sexually explicit message asserting, "You know you want to f[**]k," as well as a video of Appellant masturbating and a video of Appellant simulating a sexual act by "humping" a bed. Appellant also sent BK a picture of his penis penetrating another woman's vagina with the message, "This is how I want you." On 16 June 2016, BK's father learned of Appellant's lewd communications and brought the matter to the attention of the Air Force Office of Special Investigations (AFOSI).

The AFOSI opened an investigation and obtained verbal authorization from a military magistrate to collect evidence of communications between Appellant and BK as well as between Appellant and "other potential victims." The authorization allowed AFOSI to search Appellant's person, residence, and vehicle for "any electronic media devices" capable of storing "messages or

---

[1] Appellant personally asserts this issue. *See United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

media."[2] The agents contacted Appellant's first sergeant for assistance in locating Appellant and making sure that Appellant could not access his media devices because the agents were concerned about preservation of evidence. The first sergeant ordered Appellant to report to the first sergeant's office and informed Appellant that he was "under apprehension," meaning he was prohibited from leaving the building. At the direction of the first sergeant Appellant turned over his two cell phones and the first sergeant sealed them in an envelope.

That same day, the first sergeant gave Appellant's phones to the AFOSI agents who then interviewed and video recorded their questioning of Appellant. Before questioning Appellant, the agents advised him of his rights, including the right to counsel. Article 31, UCMJ, 10 U.S.C. § 831; Mil. R. Evid. 305. An agent asked Appellant if he understood his rights and Appellant replied, "Yes, sir." Next, the agent asked Appellant if he wanted a lawyer and Appellant asked if the question was whether Appellant wanted a lawyer "present right now" or sometime in the future because the question was "kind of vague." The agent replied he could not give Appellant advice on obtaining an attorney. Once again, Appellant sought clarification: "I was just wanting to know if that question meant like, [do I] want a lawyer like right now or [are] you just talking about do I want a lawyer?" The agent told Appellant "[y]ou can later" and "you're not saying, 'Never.'" Appellant replied, "Okay. Cool. Well, sure, yes. I would like a lawyer." Instead of ending the questioning of Appellant, the agent remarked that asking for a lawyer at that time meant that "we are going to stop talking," whereupon Appellant replied, "that's exactly what I was trying to get at, because if I say, 'Yes,' now, we'll have to stop talking." After the agent restated that Appellant had the right to get an attorney later, the agent asked Appellant, "So, as I read them, do you understand your rights?" Appellant responded, "Yes, sir." The agent again

---

[2] The military magistrate signed a written authorization for the search and seizure the day after he gave AFOSI verbal authorization. The written authorization relied on an affidavit of an AFOSI agent who summarized the grounds for the verbal authorization. Although the record does not indicate the exact sequence of events on 16 June 2016, it appears that the magistrate gave the verbal authorization before the AFOSI agents contacted Appellant's first sergeant. We reach this conclusion because the first sergeant stated in an affidavit, "I was notified by [the AF]OSI that they needed to serve a search warrant on one of my enlisted members . . . I told [Appellant] that I had been given instructions to retain his mobile phone, and [Appellant] gave me two phones." Because of our resolution of Appellant's first two assignments of error, we do not address the timing and scope of the military magistrate's verbal authorization.

asked, "Do you want a lawyer?" Appellant replied, "No, sir." Then the agent asked, "And are you willing to answer questions?" Appellant replied, "Yes, sir" and proceeded to answer questions.

During questioning, Appellant gave self-incriminating information about his communications with BK. The agents also asked Appellant for the passwords to his phones and social media accounts, which Appellant provided. The AFOSI search of one of Appellant's phones[3] uncovered images and communications between Appellant and BK. It also revealed that in late summer of 2015 Appellant sent a message stating, "D[**]k way to [sic] big for you," to AH, a 15-year-old child living in Virginia. Appellant then sent AH a picture of himself lying in bed with his pants down, holding his erect penis.

At trial, Appellant made a timely motion to suppress the statements he made to investigators, alleging they failed to honor his invocation of the right to counsel. Appellant also sought to suppress the evidence of communications Appellant had with AH, which were derived from the passwords he gave to the agents and subsequent search of his phone and social media accounts. The Government opposed the motion, arguing that Appellant failed to clearly invoke the right to counsel and made incriminating statements after a valid waiver of this right.

After the military judge denied Appellant's motion, Appellant pleaded guilty, unconditionally, to sexual abuse of BK by indecent exposure on divers occasions and sexual abuse of AH by indecent exposure on one occasion. Appellant elected not to have the court-martial members informed about his pleas of guilty until after findings on the charge and two specifications that alleged sexual misconduct with two women. After acquitting Appellant of these latter two specifications, the members were informed of Appellant's guilty pleas on the charge and two specifications related to BK and AH and then adjudged a sentence based on the offenses to which Appellant had pleaded guilty.

## II. DISCUSSION

### A. Suppression of Evidence

We address together Appellant's first and second assignments of error, which, respectively, allege that the military judge abused his discretion by not suppressing Appellant's incriminating statements to investigators and

---

[3] Appellant had one working phone that contained the evidence pertinent to the search and seizure.

that the seizure of Appellant's phones by his first sergeant was unlawful. For both assignments of error Appellant asks us to find that the evidence derived from his statements and from the search of his phone should have been suppressed and to set aside the guilty findings. We decline to do so.

### 1. Law

It is well-settled that "an unconditional plea of guilty waives all nonjurisdictional defects at earlier stages of the proceedings." *United States v. Hardy*, 77 M.J. 438, 442 (C.A.A.F. 2018) (quoting *United States v. Lee*, 73 M.J. 166, 167 (C.A.A.F. 2014)). "While the waiver doctrine is not without limits, those limits are narrow and relate to situations in which, on its face, the prosecution may not constitutionally be maintained." *United States v. Bradley*, 68 M.J. 279, 282 (C.A.A.F. 2010) (citations omitted) (double jeopardy). In *United States v. Hinojosa*, the Court of Military Appeals held that an unconditional guilty plea forecloses appellate relief from an unsuccessful suppression motion. 33 M.J. 353, 354 (C.M.A. 1991) (citations omitted). Consequently, an appellant who has entered an unconditional guilty plea ordinarily may not raise on appeal an error that was waived at trial. *United States v. Chin,* 75 M.J. 220, 222 (C.A.A.F. 2016) *(*citing *United States v. Campos,* 67 M.J. 330, 332–33 (C.A.A.F. 2009); *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)).

However, this "ordinary" rule does not apply to statutory review by a military court of criminal appeals (CCA) under Article 66(c), UCMJ, 10 U.S.C. § 866(c). *Id*. We have previously concluded that "Article 66(c) empowers CCAs to consider claims . . . even when those claims have been waived." *Id*. (quoting *United States v. Chin,* 2015 CCA LEXIS 241, at *9–11 (A.F. Ct. Crim. App. 12 Jun. 2015) (unpub. op.), *aff'd,* 75 M.J. 220 (C.A.A.F. 2016)). This is because CCAs maintain an "affirmative obligation to ensure that the findings and sentence in each such case are 'correct in law and fact . . . and should be approved.'" *Id*. at 223 (quoting *United States v. Miller*, 62 M.J. 471, 472 (C.A.A.F. 2006) (alteration in original)).

"If an appellant elects to proceed with Article 66, UCMJ, review . . . the CCAs are required to assess the entire record to determine whether to leave an accused's waiver intact, or to correct the error." *Id*. (citation omitted). It does not mean an unconditional guilty plea is without meaning or effect. *Id*. "Waiver at the trial level continues to preclude *an appellant* from raising the issue on appeal," *Id*. (citing *Gladue*, 67 M.J. at 313–14), and an "unconditional guilty plea continues to serve as a factor for a CCA to weigh in determining whether to nonetheless disapprove a finding or sentence." *Id*.

### 2. Analysis

We find Appellant waived the issues of the invocation of the right to counsel and the lawfulness of his first sergeant's seizure of his phones and we

have determined to leave Appellant's waiver intact. After the military judge denied Appellant's motion to suppress his statements and without claiming the seizure of his phones by his first sergeant was unlawful,[4] Appellant pleaded guilty to the charge and specifications involving BK and AH. The military judge conducted a providence inquiry, at the end of which he accepted Appellant's plea. During that inquiry, Appellant acknowledged that there were no unwritten agreements or understandings and that no one had made any agreement with him or promises to him if he were to plead guilty. Appellant and his trial defense counsel acknowledged they had had enough time and opportunity to discuss Appellant's case. Appellant stated that he did not have any questions as to the meaning and effect of his pleas of guilty and that he fully understood the meaning and effect of his pleas. There is nothing in the record to indicate that Appellant's guilty plea was contingent on his motion to suppress or any other issue being preserved for appellate review. Thus, we deem Appellant's guilty plea unconditional.

Because the admissibility of statements obtained after a rights advisement and evidence obtained from a search and seizure are not jurisdictional defects, Appellant's unconditional guilty plea waives these issues. In *United States v. Benavides*, 57 M.J. 550, 553–54 (A.F. Ct. Crim. App. 2002), we observed, "Although military judges do not typically warn an accused that an unconditional plea waives all nonjurisdictional matters, this is well known to military counsel. We infer from the fact that the motion was raised prior to pleas, the appellant's counsel understood this to be the state of the law." As in *Benavides*, we conclude in Appellant's case that the Defense did not preserve the issue of Appellant's statements made after Appellant invoked his right to counsel if he even did so, and the Defense failed to raise at trial any issue with respect to the first sergeant's seizure of Appellant's phones. Because we find Appellant's unconditional guilty plea extinguished his ability to raise these issues on appeal, we conclude there is no error to correct on appeal and decline to disapprove the findings of guilty on the basis that evidence should have been suppressed.

---

[4] For the first time on appeal, Appellant alleges that, on 16 June 2016, his phones were seized by his first sergeant without proper authority and that a subsequent search authorization was overly broad. Appellant avers that "there is no evidence in the record that establishes the oral authorization occurred prior to the seizure." Had the Defense raised this issue at trial, there would have been an opportunity for the trial counsel to introduce evidence that Appellant now claims is deficient or missing.

**B. Providency of Guilty Plea to Sexual Abuse of BK**

Appellant asserts the military judge abused his discretion when he accepted Appellant's guilty plea to sexual abuse of BK. Appellant claims his responses during the military judge's inquiry into his plea demonstrated that he reasonably believed BK was 16 years old. We disagree and find the plea provident.

**1. Law**

"We review a military judge's decision to accept a guilty plea for an abuse of discretion." *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011) (citing *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996)). "During a guilty plea inquiry[,] the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea . . . ." *United States v. Inabinette*, 66 M.J. 320, 321–22 (C.A.A.F. 2008) (citation omitted). The military judge is not required to inquire into and resolve the "mere possibility" of a defense. *United States v. Hayes*, 70 M.J. 454, 458 (C.A.A.F. 2012) (citation omitted). However, "[i]f an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." *Id*. We will not set aside a guilty plea unless there is a "substantial basis" in law and fact for questioning the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

As charged in this case, the offense of sexual abuse of a child by indecent exposure has three elements: (1) that on divers occasions Appellant committed a lewd act upon BK by intentionally exposing his genitalia; (2) that Appellant did so with the intent to gratify his sexual desire; and (3) that at the time BK had not attained the age of 16 years. *See Manual for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 45b.b.(4)(c). An appellant's knowledge that the child had not attained the age of 16 years is not an element of the offense; however, a mistake of fact as to age is a defense when the child is over 12 years old, in which case an appellant must prove by a preponderance of the evidence that he reasonably believed the child had attained the age of 16 years. *See* Article 120b(d)(2), UCMJ; Rule for Courts-Martial 916(j)(2).

**2. Analysis**

Appellant's guilty plea inquiry established each of the elements of the offense, and there is no substantial basis in law or fact for questioning the plea. We have examined the providence inquiry the military judge conducted with Appellant and conclude the military judge did not abuse his discretion in finding Appellant did not reasonably believe BK had attained the age of 16 years when he sent her sexual messages in June 2016. The evidence in the record established that in early 2016 Appellant attended the birthday party of BK's friend who was turning 16 years old. Appellant told the military judge

that he "assumed" that BK "was around" the same age as her friend but he "did not know" BK's age. After the military judge advised Appellant of the defense of mistake of fact as to age, Appellant told the military judge that he had asked BK her age but then stated, "I don't really remember what she had told me" and "I wasn't really paying attention at the time when she had said it." Appellant elaborated, "I should have made sure that [BK] was at least 16 years or older . . . I believe a reasonable careful person, or careful adult would have asked the question, and been more sure, and would get a definite answer in regards to her age, and I did not."

We find that Appellant's responses did not raise any matter inconsistent with his plea of guilty and there was no apparent inconsistency for the military judge to resolve. Whether Appellant had forgotten BK's age or never solicited a definite answer from BK, as he testified, Appellant's plea did not establish that he reasonably believed BK was at least 16 years old. The military judge's inquiry revealed Appellant was not mistaken about BK's age. Rather, the inquiry revealed Appellant either had forgotten or was indifferent about BK's age. Neither state of mind was inconsistent with Appellant's plea to the elements of sexual abuse of a child or established the defense of mistake of fact as to age.

We conclude that there was an adequate basis in law and fact to support Appellant's plea and that the military judge did not abuse his discretion by accepting Appellant's plea and finding Appellant guilty of sexual abuse of BK by indecent exposure on divers occasions.

## C. Sentence Severity

Appellant claims that his sentence to two years and six months of confinement is inappropriately severe for a first-time offender convicted of "non-contact" sexual offenses. In his clemency submission to the convening authority, Appellant claimed the members likely felt deceived when they learned Appellant had previously pleaded guilty after they had acquitted him of sexual assault of one woman and abusive sexual contact of another after a three-day litigated trial. Appellant repeats this claim on appeal and states his belief that he was improperly sentenced to a term of confinement twice as long as trial counsel's recommendation because the members punished him for the offenses of which they found him not guilty. Appellant also repeats the claim made in his clemency submission that his sentence to confinement is significantly longer than in other similar cases. We disagree that Appellant's sentence is inappropriately severe.

### 1. Law

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of

guilty and the sentence or such part or amount of the sentence, as [we] find correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). While we have great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 142–48 (C.A.A.F. 2010).

We "are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). When arguing sentence disparity and asking us to compare his sentence with the sentences of others, Appellant bears the burden of demonstrating those other cases are "closely related" to his, and if so, that the sentences are "highly disparate." *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Cases are "closely related" when, for example, they include "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared . . . ." *Id*. If an appellant carries that burden, then the Government must show a rational basis for the sentence differences. *Id*.

### 2. Analysis

As a threshold matter, we find no reason to conclude from the record that the members punished Appellant for the sexual assault and abusive sexual contact offenses of which they found him not guilty. Also, Appellant fails to demonstrate how the cases he references are "closely related" to his case. Appellant was not a co-actor involved in a common crime; he was not involved with other servicemembers in a common or parallel scheme; and there was no "direct nexus" between Appellant and any other servicemember whose sentence Appellant is inviting us to compare to his own. Consequently, Appellant has not met his burden to demonstrate a closely related case. *See, e.g., Ballard*, 20 M.J. at 285 ("From the mere face of court-martial promulgating orders or similar documents, it is simply not possible to assess the multitude of aggravating and mitigating sentencing factors considered in the cases they represent.").

We have given individualized consideration to Appellant, the nature and seriousness of his offenses, his record of service, and all matters contained in the record of trial. Appellant was 23 years old when he sent indecent images

accompanied by vulgar messages to two 15-year-old girls. Appellant faced a maximum term of confinement of 30 years. Trial counsel recommended a sentence of a dishonorable discharge, confinement for 15 months, and total forfeiture of pay and allowances. The members adjudged a sentence that included 30 months of confinement—less than 10 percent of the maximum term—and a less severe punitive discharge than trial counsel had recommended. We find Appellant's approved sentence of a bad-conduct discharge, confinement for two years and six months, forfeiture of all pay and allowances, and reduction to E-1 is not inappropriately severe.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court